1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK WILLIAMS,

11            Plaintiff,                No. CIV S-10-2898 GGH P

12       vs.

13   DOWNING, et al.,

14            Defendants.              ORDER
     _____/

15            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

16   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

17   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19            Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will be assesed an initial filing fee of $4.00.  28 U.S.C.

23   § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding

24   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

25   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

26

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2       The court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7  U.S.C. § 1915A(b)(1),(2).

8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14 Cir. 1989); Franklin, 745 F.2d at 1227.

15      A complaint must contain more than a "formulaic recitation of the elements of a

16 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18 "The pleading must contain something more...than...a statement of facts that merely creates a

19 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

21 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

22 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

23 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24 the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25      In reviewing a complaint under this standard, the court must accept as true the

26 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that prison officials were deliberately indifferent to his serious medical needs involving his mental health.  However plaintiff does not describe how the individual defendants violated his rights or what were his serious mental health needs.  Plaintiff only provides vague general statements that he did not receive treatment and does not describe in detail his serious medical needs.  Plaintiff states he suffers from "Tunneling Tunning Jels".  The court is not familiar with this condition and plaintiff will have to provide additional detail regarding his mental health issues.  The court also notes that plaintiff filed complaints regarding this same condition in CIV 08-2860 KJM, which is still pending and CIV 08-1428 FCD JFM which was dismissed.

However, those cases involved different defendants.  Plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 28 days of service of this order.  Plaintiff is informed that he will only be permitted one opportunity to amend and no further opportunities will be provided.

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 299, (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

that a prisoner has a serious need for medical treatment are the following:  the existence of an

injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily

activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

(9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

      In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

(failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

have known of the risk or that a defendant should have known of the risk.  Id. at 842.

      It is nothing less than recklessness in the criminal sense-subjective

standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

However, obviousness per se will not impart knowledge as a matter of law.

      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

1   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

2   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

5   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

6   omits to perform an act which he is legally required to do that causes the deprivation of which

7   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8        Moreover, supervisory personnel are generally not liable under § 1983 for the

9   actions of their employees under a theory of respondeat superior and, therefore, when a named

10  defendant holds a supervisorial position, the causal link between him and the claimed

11  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

12  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

13  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

14  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

15  Cir. 1982).

16       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20  there is some affirmative link or connection between a defendant's actions and the claimed

21  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

22  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

23  vague and conclusory allegations of official participation in civil rights violations are not

24  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

1   amended complaint be complete in itself without reference to any prior pleading. This is

2   because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

3   Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

4   pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

5   original complaint, each claim and the involvement of each defendant must be sufficiently

6   alleged.

7        In accordance with the above, IT IS HEREBY ORDERED that:

8        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

10  Plaintiff is assessed an initial partial filing fee of $4.00. All fees shall be collected and paid in

11  accordance with this court's order to the Director of the California Department of Corrections

12  and Rehabilitation filed concurrently herewith.

13       3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

14  to file an amended complaint within twenty-eight days from the date of service of this Order.

15  Failure to file an amended complaint will result in a recommendation that this action be

16  dismissed.

17  DATED: November 16, 2010

18

19                                          /s/ Gregory G. Hollows

20                                          _____
                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE
    GGH:AB
21  will2898.b

22

23

24

25

26