IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

        Plaintiff,                      No. CIV S-10-2898 GGH P

    vs.

DOWNING, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed and plaintiff has filed a first amended complaint. This case is before the undersigned pursuant to plaintiff's consent. Doc. 4.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The court's original screening order provided plaintiff this one opportunity to amend his complaint as plaintiff stated he suffered from "Tunneling Tunning Jels" which the court was not familiar with and plaintiff had filed complaints regarding this same condition in

\\\\\

\\\\\

1  CIV 08-2860 KJM, which is still pending and CIV 08-1428 FCD JFM which was dismissed,
2  though those cases involved different defendants.[1]

3  Plaintiff's amended complaint makes the same accusations that doctors have put
4  implants in plaintiff's neck and head, which has resulted in neck fusion which was deliberately
5  indifferent to his serious medical needs. Plaintiff also states that this is a disability that the
6  prison refuses to recognize. Other than containing incoherent assertions and rambling
7  accusations, the amended complaint contains no viable claims. Because this court cannot discern
8  any manner by which plaintiff could cure the defects of this amended complaint, this action
9  should be dismissed.

10  "A pro se litigant must be given leave to amend his or her complaint unless it is
11  'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"
12  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v.
13  Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458,
14  460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th
15  Cir.1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the
16  amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not
17  futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting
18  Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district
19  courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are
20  not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203
21  F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a
22  dismissal for failure to state a claim, including whether to make the dismissal with or without
23  leave to amend.") See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097,
24  1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district

---

[1] Even Google is unaware of the term. The closest thing to plaintiff's term involves "tunneling tuning GELS" which has something to do with the Ethernet.

1  court should grant leave to amend even if no request to amend the pleading was made, unless it
2  determines that the pleading could not be cured by the allegation of other facts."). This appears
3  to be one of those relatively rare cases when to grant plaintiff further leave to amend would be
4  patently futile.
5       For the reasons set forth above, this court finds that plaintiff's amended complaint
6  is wholly frivolous, with defects for which no additional amount of amendment could provide a
7  cure. As plaintiff was already given one opportunity to amend, this case must be dismissed.
8       In accordance with the above, IT IS HEREBY ORDERED that this amended
9  complaint is dismissed and this case is closed.
10 DATED: February 10, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
will2898.b2